08-6099-ag
Lin v. Holder

BIA
Bukszpan, IJ
A 097 658 304

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of December, two thousand nine.

PRESENT:
    ROBERT D. SACK,
    BARRINGTON D. PARKER,
    REENA RAGGI,
            *Circuit Judges.*

_____

YUN MING LIN,
            *Petitioner*,

            v.                                08-6099-ag
                                              NAC

ERIC H. HOLDER, JR.,[1] ATTORNEY GENERAL,
UNITED STATES DEPARTMENT OF JUSTICE,
            *Respondent.*

_____

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Acting Attorney General Mark R. Filip as respondent in this case.

FOR PETITIONER:          Lewis Hu, New York, NY.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General, Stephen J. Flynn, Assistant
                         Director, Jeffrey R. Meyer,
                         Attorney, Office of Immigration
                         Litigation, Civil Division, United
                         States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yun Ming Lin, a native and citizen of China, seeks review of the November 17, 2008 order of the BIA affirming the February 15, 2007 decision of Immigration Judge ("IJ") Joanna Miller Bukszpan denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yun Ming Lin*, No. A 097 658 304 (B.I.A. Nov. 17, 2008), *aff'g* No. A 097 658 304 (Immig. Ct. N.Y. City Feb. 15, 2007). We assume the parties' familiarity with the underlying facts and procedural history of this case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. See *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review

the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

Lin argues in his brief that the IJ engaged in "improper speculation and conjecture" by failing to give "specific, cogent reasons" for her adverse credibility determination. Contrary to Lin's argument, the IJ based her adverse credibility determination on Lin's "highly implausible" testimony. Specifically, the IJ found implausible Lin's testimony that: (1) he did not practice Falun Gong because he was too busy with school and work, but still had time to pass out flyers and encourage others to practice Falun Gong, even though it was illegal to do so; and (2) he participated in a Falun Gong demonstration in New York but did not know where the demonstration was held. In making a finding that an applicant's testimony is inherently implausible, an IJ is not required to "explain in precise detail what made each identified act implausible." See *Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007).

3

Rather, where "the reasons for [the IJ's] incredulity are evident," the implausibility finding is supported by substantial evidence. *Id.* Because the IJ provided cogent reasons for her implausibility finding, she met this standard. We have upheld similar implausibility findings. *See, e.g., Ying Li v. Bureau of Citizenship and Immigration Servs.*, 529 F.3d 79, 82-83 (2d Cir. 2008).

Because substantial evidence supports the IJ's adverse credibility determination, the IJ properly denied Lin's application for asylum, withholding of removal, and CAT relief. The persuasiveness of the only evidence that Lin would be persecuted or tortured depended on his credibility. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we DISMISS the petitioner's pending motion for a stay of removal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____


4